UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES IRELL MITCHELL,

    Petitioner,

v.

KENNETH MCKEE,

    Respondent.
_____/

Case No.11-13648
Hon. Paul D. Borman

## ORDER OF SUMMARY DISMISSAL (1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO PROCEED IN FORMA PAUPERIS

Petitioner James Irell Mitchell, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his Fourth Amendment rights. Petitioner plead guilty in the Wayne Circuit Court to felon in possession of a firearm, MICH. COMP. LAWS 750-224f, and he was sentenced to a term of 80-to-120 months. Petitioner raises a single claim in his habeas petition:

> The trial court clearly erred when he denied defendant's motion to suppress the gun seized incident to a lawful arrest based upon probable cause when the defendant was arrested after the gun was seized unlawfully and in violation of defendant's Fourth Amendment rights.

For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

1

## I. Facts and Procedural History

Petitioner was originally charged with carrying a concealed weapon, felon in possession of a firearm, and possession of a firearm during the commission of a felony, third offense.

Petitioner filed a motion to suppress, asserting that the search and seizure of the handgun found on his person violated his Fourth Amendment rights. A hearing was held on the motion on January 9, 2009, in which the two officers involved in Petitioner's arrest testified. At the conclusion of the hearing, the trial court found that the search and seizure of the handgun had occurred pursuant to a legal arrest, and it rejected Petitioner's claim on the merits.

Petitioner then entered into a plea bargain whereby he agreed to plead guilty to felon in possession of a firearm. In return, the prosecutor agreed to dismiss the other charges and allowed Petitioner to preserve his right to appeal the Fourth Amendment claim.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, raising his Fourth Amendment claim. The application was denied "for lack of merit in the grounds presented." *People v. Mitchell*, No. 296288 (Mich. Ct. App. March 8, 2010). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by form order. *People v. Mitchell*, No. 140981 (Mich. Sup. Ct. September 9, 2010).

## II. Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A

federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

After careful review, as required by Rule 4, this Court concludes that Petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition must be summarily denied. *See Robinson v. Jackson*, 366 F.Supp.2d 524, 525-28 (E.D. Mich. 2005).

**III. Analysis**

The petition for writ of habeas corpus must be dismissed because Petitioner fails to state a claim upon which habeas relief can be granted.

Petitioner contends that the handgun found on his person should have been suppressed because the police did not have a warrant or probable cause to arrest him. Petitioner's Fourth Amendment claim is non-cognizable on federal habeas review. A federal habeas review of a petitioner's arrest or search by police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated

3

by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94 (1965) (motion to suppress), *People v. Harris*, 95 Mich.App. 507, 509 (1980). Here, Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claim. The record reveals that Petitioner challenged the propriety of his arrest and the search and seizure of the handgun by filing a motion to suppress that evidence prior to trial. The state trial court conducted an evidentiary hearing and denied the motion. Petitioner again raised his Fourth Amendment claim in the Michigan Court of Appeals and the Michigan Supreme Court, which denied him relief. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. *See Walendzinski v. Renico*, 354 F.Supp.2d 752, 759 (E.D. Mich. 2005). Accordingly, any claim concerning the validity of the search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell*.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented

were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability sua sponte. *See Dell v. Straub*, 194 F.Supp.2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell*, 194 F. Supp. 2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979). Against that backdrop, the Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Dell*, 194 F. Supp. 2d at 659.

## V. Order

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal in forma pauperis.

Dated: 8-29-11

Paul D. Borman
United States District Judge